THE STATE OF MONTANA EX REL. FORREST H. ANDERSON, ATTORNEY GENERAL OF THE STATE OF MONTANA, RELATOR, *v.* THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF BIG HORN, AND THE HONORABLE E. E. FENTON, PRESIDING JUDGE, RESPONDENT.

No. 11340.
Submitted June 7, 1967. Decided June 7, 1967.
429 P.2d 633.

*CRIMINAL LAW.*

Alfred B. Coate (argued), Helena, Arnold A. Berger (argued), Billings, Donald Garrity and James Beck, Asst. Attys. Gen., Forrest Anderson, Atty. Gen., Helena, for relator.

Sandall, Moses & Cavan, Billings, Charles F. Moses (argued), Billings, for respondent.

PER CURIAM:

This is an original proceeding wherein the Attorney General

seeks a Writ of Supervisory Control to order the District Court sitting in Big Horn County to vacate, set aside and hold for naught an Order suppressing a written statement of Clara Thomas in the case entitled The State of Montana v. Clara Thomas and Robert G. Thomas, No. 962; such Order having been made on May 26, 1967.

On ex parte application on June 1, 1967, we issued an Order to Show Cause directed to the said District Court to either set aside the named order or appear and Show Cause why it was not done. We also stayed further proceedings.

On the 7th day of June, return was made containing a Motion to Quash, An Answer and Return, and a Motion to Amend our Order for the purpose of rearranging the trial calendar. As to this latter motion, our disposition herein will make the Motion moot.

First we deny the Motion to Quash and our reasons will briefly appear in our following limited discussion of the issue.

The Order suppressing the written statement of Clara Thomas executed by her on March 13, 1963, was made after motion by defense counsel and hearing had.

Trial is set for June 19, 1967; the Order is not an appealable Order, and by reference to our opinion in State v. Thomas, 147 Mont. 325, 413 P.2d 315, it is seen that the statement is referred to therein as "pivotal."

The statement was taken by the county attorney in the presence of the sheriff. These officials had been contacted by defendant Robert Thomas and advised that his wife, Clara Thomas, could be interviewed at the hospital in Sheridan, Wyoming. The officials drove from Hardin, Montana, to Sheridan and took the statement. They first warned her in these words:

"While we are down here investigating the death of your brother, you don't have to tell us anything if you don't want to, and you may have the aid of an attorney."

After oral conversations, interruptions, and a certain amount of time had passed, the statement was reduced to writing (and

is quoted in full in our opinion in 147 Mont. 327, 328, 413 P.2d 315.) Clara read the statement and signed it.

We hold that the Order suppressing the statement is in error; that a Writ of Supervisory Control shall issue directing that the said named Order is vacated, set aside and held for naught.

We shall not engage in extended discussion of applicable law but refer to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, for the rules applicable.

Accordingly, let the Writ issue directed solely to that part of the Order of May 26, 1967, suppressing the written statement of Clara Thomas.